519 P.2d 1344

**SALT LAKE CITY, a municipal corporation of the State of Utah, Plaintiff and Appellant,**

v.

**Robert S. LEWIS and Ella M. Lewis, his wife, Defendants and Respondents.**

No. 13415.

Supreme Court of Utah.

Feb. 22, 1974.

Jack L. Crellin, Salt Lake City Atty., Ray L. Montgomery, Asst. Salt Lake City Atty., Salt Lake City, for plaintiff and appellant.

Frederick S. Prince, Jr., Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiff initiated these proceedings in the district court for the acquisition of

the defendants' property by eminent domain. The property was necessary to establish an adequate approach zone south of the easternmost north-south runway at the city's airport and in order to implement and to use a new instrument approach system being constructed. All issues were resolved except the amount of compensation to be awarded to defendants and a trial on that issue was commenced on June 6, 1973, with a jury.

At the end of the first day's trial and outside the presence of the jury, the court ruled that the city's zoning ordinance which limited the height of buildings and other structures in a zone adjacent to the airport was unconstitutional. At the conclusion of the evidence the issue of compensation was submitted to the jury, and the jury returned the verdict and judgment was entered thereon. From the verdict and judgment the city has appealed.

■ The land involved in these proceedings consists of approximately 4.7 acres without buildings and other improvements which lie south of the airport. The city is here seeking a new trial, claiming that the district court erred in its rulings on various matters during the course of the trial. The first assignment of error is that the court erred in ruling that the city's height limitation ordinance was invalid.[1] In this connection the record shows that the real estate appraisers called as witnesses by the defendants made their determinations as to the reasonable market value of the land in question without considering any limitations imposed by the ordinance. The expert witnesses called by the city testified in effect that the height limitations imposed by the airport's zoning ordinance were insignificant in determining market value, and the validity or invalidity of the ordinance would not affect their estimates of market value. The city presented no other evidence as to the effect the ordinance would have, whether valid or invalid, on the value of the property in question, nor did the city proffer additional evidence on that issue. Of necessity the jury could only base their determination of the amount of damages suffered by the defendants by reason of the land being taken for a public purpose upon the evidence of the reasonable market value as testified to by the witnesses. There being no conflict in the testimony that the height limitations imposed by the ordinance would have no significant effect on value, it appears that the court's ruling could not have been prejudicial. We find it unnecessary in this proceeding to rule on the issue of whether or not the ordinance in question is valid.

■ The city further contends that a public avigation easement had been established over the property of the defendants

1. Sec. 51–10–5, Rev.Ord. of Salt Lake City 1955.

by public user. The record in this case fails to establish the existence of any such easement. The only evidence which touches upon this issue comes from one of the city's witnesses who testified that an occasional plane would use the air space of the defendants' property in making an approach to the airport. This evidence is insufficient to show the period of such user and the boundaries of the paths or corridors the city claims to have been used by the public. In view of the state of the record it was not error for the court to fail to submit that issue to the jury.

■ The city further contends that it was error for the court to permit the defendants' experts as to market value to use as a comparable sale one in which the Utah Power & Light Company was the buyer. The city urges that evidence of that sale should not have been permitted in view of the fact that the Utah Power & Light Company has the power of eminent domain and the sale would not have been one between a willing seller and a willing buyer. However, the Power Company does not have unlimited power of eminent domain,[2] and whether or not the acquisition of the property by the Power Company could have been obtained by eminent domain does not appear in the record. It is not satisfactorily shown here that the trial court erred in this regard.

We have carefully considered the other claims of error advanced by the city in this court, and we must conclude that the city has failed to meet its burden of showing reversible error here, and we conclude that the decision of the court below should be affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD and CROCKETT, JJ., concur.

ELLETT, J., concurs in the result.

2. Section 78–34–1(8), U.C.A.1953.